Petition of O'MEARA *et al.*, appellants, v. COMMISSIONERS, ETC., OF ALLEGANY AND CARROLTON.

*Statutory construction — Laws 1862, chap. 299 — Eminent domain — Indian reservation — Highways — bridge between adjoining towns — Constitutional law — local act.*

By Laws 1862, chap. 299, the construction of a bridge over the Allegany river upon the Indian reservation in the town of Carrolton, Cattaraugus county, is authorized and it is provided that "said bridge shall be erected as and shall be a joint bridge between the towns of Allegany and Carrolton." *Held,* (1) that the State under the power of eminent domain (Const., art. 1, §§ 11, 16) had the constitutional authority to provide for the construction of this bridge on the Indian reservation ; (2) that by the act in question the expense of maintaining the bridge was made a joint charge upon the towns named ; and (3) that the legislature had the power to impose such duty upon the towns. The act named is entitled " An act to authorize the construction of a bridge over the Allegany river on the Indian reservation in the town of Carrolton, county of Cattaraugus." *Held,* that the title indicates the purpose of the statute, and the subject is a single one within the spirit and intent of the constitution, article 3, § 16.

APPEAL from an order of the special term denying petition of Oliver O'Meara and others that the commissioners of highways of the towns of Allegany and Carrolton be required to repair a certain bridge between said towns over the Allegany river. The necessary facts appear in the opinion.

*D. H. Bolles*, for appellant.

*Cary & Jewell*, for commissioners of Allegany.

*Allen & Thrasher*, for town of Carrolton.

E. DARWIN SMITH, J.  Section 1 of the act entitled "An act to authorize the construction of a bridge over the Allegany river on the Indian reservation in the town of Carrolton, in the county of Cattaraugus," passed April 12, 1862 (Laws of 1862, chap. 299), not only authorizes the construction of the bridge in question upon this application and appeal, but contains a virtual assertion of the right of eminent domain on the part of the State to authorize and provide for the construction of such bridge upon the Indian reservation.

In the constitution, article 1, §§ 11 and 16, the State asserts, as the right of sovereignty is in the people, the original and ultimate property in and to all the land within the jurisdiction of the State, inclusive of the land within the Indian reservation.  See *Fellows* v. *Denniston*, 23 N. Y. 423.

We have no doubt that the legislature has constitutional authority to allow and provide for the construction of this bridge, and see no valid objection to the act in question in respect to its title.  It is a local act, but the title indicates quite clearly the object and purpose of the statute, and the subject is a single one within the spirit and intent of section 16 of article 3 of the constitution.

Section 2 of the act is as follows : "The said bridge shall be erected as, and shall be a joint bridge between the towns of Allegany and Carrolton."  I can hardly conceive how language could more explicitly declare the legislative will to make the maintenance and repairs of this bridge a joint and common charge upon the towns of Allegany and Carrolton.  The legislature clearly had the power to impose such duty upon these towns.

This section refers to the general statutes declaring and fixing the duties of towns and of the commissioners of highways of towns adjacent to or intersected by any river or stream, to bridge the same and continue and maintain bridges over such streams at the joint expense of such towns.  Such provisions are in legal effect incorporated into said act.  These provisions are contained in the general statutes of the State relating to highways and bridges; in Laws 1841, chap. 225; Laws 1857, chap. 639; and Laws 1858, chap. 103.

These acts provide the mode in which bridges which are a joint charge upon adjacent towns shall be constructed and repaired. In the use of the words "*joint* bridge," in said second section, the legislature intended to make such bridge a joint charge upon said towns, as bridges are such a joint charge under the statute aforesaid and other statutes of the State.

The order applied for was erroneously denied at special term.

Such order should be reversed and the original application granted, and the commissioners of the said town of Allegany and Carrolton required to meet pursuant to section 4 of the act of 1857 aforesaid, and provide for the repair of said bridge as there required and directed, and pay to the appellant $10, the costs of this appeal, and $10, the costs of the original motion at special term.

*Ordered accordingly.*